UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ASHLEY LUND                                                    CIVIL ACTION NO. 18-6061

VERSUS                                                         SECTION A(1)

HOVÉ PARFUMEUR, INC., ET AL.

## ORDER AND REASONS

Before the Court is a **Motion to Dismiss (Rec. Doc. 19)** filed by Plaintiff Ashley Lund. Defendants Hové Parfumeur Ltd., Bill Wendel, and Amy Van Calsem-Wendel (herein after collectively referred to as "Defendants") oppose the Motion (Rec. Doc. 22). The Motion, set for submission on November 28, 2018, is before the Court on the briefs without oral argument. Having considered the motion and memoranda of counsel, the opposition, the record, and the applicable law, the Court finds that the **Motion to Dismiss (Rec. Doc. 19)** is **GRANTED** for the reasons set forth below.

**I.      Background**

Ashley Lund brought claims against her former employer under the Fair Labor Standards Act ("FLSA"). (Rec. Doc. 1). She alleged that Defendants failed to pay one-and-a-half times per hourly rate for all hours worked in excess of a forty-hour workweek. (*Id*.). Defendants filed a counterclaim alleging that Lund stole and used confidential information to unjustly enrich herself in violation of the Louisiana Trade Secrets Act ("LTSA") and the Louisiana Unfair Trade Practices Act ("LUPTA"). (Rec. Doc. 24).[1] Lund files the instant motion to dismiss Defendants' counterclaims involving the LTSA and the LUPTA for lack of subject matter jurisdiction. (Rec. Doc. 19).

**II.     Legal Standard**

---

[1] Subsequent to Plaintiff filing her Motion to Dismiss (Rec. Doc. 19), Defendants filed an Amended Answer to the Complaint (Rec. Doc. 24) waiving the previously asserted Lanham Act claims.

Federal courts are courts of limited jurisdiction and may only hear those cases authorized by the United States Constitution and federal statutes. *Coury v. Prot*, 85 F.3d 244, 248 (5th Cir. 1996). Rule 12(b)(1) of the Federal Rules of Civil Procedure provides that a party may assert that a court lacks subject matter jurisdiction. "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss.,* 143 F.3d 1006, 1010 (5th Cir. 1998). "Courts may dismiss for lack of subject matter jurisdiction on any one of three different bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Clark v. Tarrant Cnty.*, 798 F.2d 736, 741 (5th Cir. 1986). The burden of proof on a 12(b)(1) motion is on the party asserting jurisdiction over the claim. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

**III.    Law and Analysis**

Pursuant to 28 U.S.C. § 1367, district courts shall only exercise supplemental jurisdiction "over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." A court may assert supplemental jurisdiction over any state law claims that do not independently satisfy original jurisdiction, if the state law claims are part of the same case or controversy as a federal claim over which the court has original jurisdiction. *Energy Management Services, LLC v. City of Alexandria*, 739 F.3d 255, 259 (5th Cir. 2014). The Supreme Court has held that "federal-question jurisdiction over a claim may authorize a federal court to exercise jurisdiction over state-law claims that may be viewed as part of the same case because they 'derive from a common nucleus of operative fact' as the federal claim." *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 351 (2006) (quoting *United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966)).

Lund asserts that Defendants' counterclaims should be dismissed for lack of subject matter jurisdiction because they are state law claims that do not share the same operative facts as her FLSA claim. (Rec. Doc. 19, p. 1). Neither the LUPTA nor the LTSA counterclaim rely on the same operative facts as the Lund's FLSA claim concerning wages, hours, and overtime. (*Id*., p. 2). Lund concludes that the fact that Defendants' counterclaims arise out of the same employment relationship is not enough to confer supplemental jurisdiction. (*Id*.).

Defendants argue that the Court may exercise jurisdiction on all claims because the counterclaims share a common nucleus of operative fact such that the presentation of common evidence requires this Court to make many of the same factual determinations. (Rec. Doc. 24, p. 9). Defendants state that the discovery necessary for the FLSA claim regarding Lund's managerial role, job duties, and responsibilities is also necessary to determine the scope of the duty Lund may have owed to Defendants under the LUPTA and LTSA claims. (Rec. Doc. 22, p. 3). The execution of Lund's job duties and the details of her employment are also facts that arise as relevant to Plaintiff's claim and Defendants' counterclaims. (*Id.*). Defendants assert that allowing the claims to be heard together promotes judicial efficiency and convenience. (*Id.*, p. 4).

The Fifth Circuit in *Martin* held that it continues to look with disfavor on employer counterclaims in FLSA cases. *Martin v. PepsiAmericas, Inc.* 628 F.3d 738, 742 (5th Cir. 2010). "Generally speaking, courts have been hesitant to permit an employer to file counterclaims in FLSA suits for money the employer claims the employee owes it, or for damages the employee's tortious conduct allegedly caused." *Id*. at 740. The court reasoned that the purpose of FLSA actions is to bring the employer into compliance with the FLSA by enforcing a public right, and allowing the employer to try his private claims against his employees would delay and subvert the process. *Id.* at 741 (citing *Donovan v. Pointon,* 717 F.2d 1320, 1323 (10th Cir. 1983)). The Fifth Circuit found "that the only function of the federal judiciary under the FLSA 'is to assure to the employees of a covered

company a minimum level of wages…to clutter [FLSA] proceedings with the minutiae of other employer-employee relationships would be antithetical to the purpose of the Act.'" *Id.* (quoting *Brennan v. Heard,* 491 F.2d 1, 4 (5th Cir. 1974)). The court identified this as a bright-line rule with a very narrow exception for cases where the money set-off in counterclaim is considered wages that the employer pre-paid to the employee. *Id*. at 742. In the instant matter, the Court applies the holding in *Martin* to decline to exercise supplemental jurisdiction for Defendants' state law counterclaims. The Court holds that Plaintiff's Motion to Dismiss is granted.

**IV.     Conclusion**

Accordingly;

IT IS ORDERED that Plaintiff's **Motion to Dismiss (Rec. Doc. 19)** is **GRANTED**.

New Orleans, Louisiana, this 29th day of November, 2018

_____
JUDGE JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE